IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID NGUYEN (A MINOR CHILD) C/O ROSALYN NGUYEN,<br><br>Plaintiffs,<br><br>v.<br><br>JO ANNE BARNHART, Commissioner of Social Security Administration,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     Civil Action No. H-04-cv-2493 |

## MEMORANDUM AND ORDER

Claimant David Nguyen, a minor child, brought this action pursuant to § 205 of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of Social Security Administration (the "Commissioner") ceasing Claimant's supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* The Commissioner and the Claimant each filed Motions for Summary Judgment.

Claimant has, however, apparently now decided, instead, to ask that the decision of the Administrative Law Judge ("ALJ") be remanded, pursuant to the sixth sentence of § 405(g), to consider new evidence. The Commissioner objects to remand, noting that a court may remand to consider newly presented evidence only upon a showing that the evidence is new and material, and that there is good cause for claimant's failure to incorporate the evidence into the record before the Commissioner when the ALJ's decision was issued. *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th

-1-

Cir. 1989).  In addition, for new evidence to be material, there must be a reasonable possibility that

the outcome would have been different had the evidence been before the Commissioner.  *Latham*

*v. Shalala*, 36 F.3d  482, 483 (5th Cir. 1994).

I. PROCEDURAL HISTORY

The procedural history of the case is set forth in the ALJ's decision of June 6, 2002.

Claimant was born on September 12, 1991.  On October 1, 1991, he was determined to be disabled

because of a cleft lip and palate.  In a determination dated October 19, 1998, Claimant's mother was

advised that, under the new definition of disability for children, Claimant was no longer disabled.

Claimant's mother requested a reconsideration of the disability cessation, and, on March 23, 2001,

the initial determination was affirmed.  A request for hearing was filed on May 10, 2001.

The mother was not present at a hearing scheduled for March 6, 2002.  Mrs. Thy Nguyen,

the Claimant's aunt, appeared and testified that the Claimant was living with her while his mother

was out of the country taking care of her mother.  The hearing was continued so as to allow the

mother to be present.  The continued hearing was held on May 28, 2002, but the mother once again

had to travel out of the country to take care of her mother's health problems.  Mrs. Thy Nguyen was

present and testified.  The claimant was also present.  Mrs. Thy Nguyen signed a waiver of the right

to representation.  After reviewing evidence in the record, receiving testimony from Mrs. Thy

Nguyen, and attempting to elicit testimony from Claimant, the ALJ held that "the claimant has not

been under a 'disability' as defined in the Social Security Act at any time through the date of this

decision." (Citation omitted.)

-2-

## II. APPLICABLE LAW

Under the provisions of the Act, amended in 1996 by Public Law 104-193, a child under the age of eighteen is considered disabled if that child has a medically determinable physical or mental impairment or combination of impairments that results in marked and severe functional limitations. Such impairment or impairments also must have lasted or be expected to last at least twelve months, or be expected to result in death. 42 U.S.C. § 1382c(a)(3)(C). To result in marked and severe functional limitations, the impairment or combination of impairments must meet or medically equal the severity of specific criteria. A child under the age of eighteen may have his or her benefits ceased if substantial evidence demonstrates that there has been medical improvement in the impairment or impairments the child had at the time of the most recent favorable determination or decision. Pursuant to the provisions of § 1614(a)(3)(C) of the Act, the Commissioner has established Regulation No. 16 which provides sequential steps for evaluating disability for children under the age of eighteen.

## III. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to whether the decision is supported by substantial evidence in the record, and whether the proper legal standard was used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the decision. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

-3-

IV.     THE ALJ'S DECISION WAS NOT SUPPORTED BY SUBSTANTIAL
        EVIDENCE IN THE RECORD

After review of the ALJ's decision, and the record evidence on which it was based, the Court is unable to conclude that the decision was based on substantial evidence. Accordingly, the case must be remanded for further proceedings.

The ALJ did find that, "The medical evidence establishes that the claimant has a history of a cleft lip and palate, a language delay, and hearing loss, which constitutes severe impairments." The ALJ followed that finding with the further finding that, "The medical evidence further establishes that the claimant does not have an impairment or combination of impairments that meets or medically equals the criteria for any listed impairment."

In reaching this conclusion, the ALJ altogether failed to address many of the most troubling aspects of the evidence, and also proceeded in the absence of information that – by any measure – should have been obtained. Finally, the ALJ relied on evidence that, as of the date of his decision, was seriously out-of-date.

Claimant was three-and-a-half months shy of his eleventh birthday when he appeared before the ALJ. In perhaps the most telling exchange in the hearing transcript, the ALJ asked the Claimant a series of questions about where he went to school and who his teacher was. The Claimant, even with encouragement from his aunt, either could not or would not answer. (Transcript of May 28, 2002 hearing, at 33.) The aunt then stated "[S]ometimes at home he (INAUDIBLE) don't want to talk like all day no matter what you do – " Tr. at 34. Nonetheless, the ALJ did not even allude to this passage in his opinion other than to say that, "The testimony adduced at the hearing was not wholly credible or supported by the medical

-4-

record as a whole." But, the record is devoid of any other evidence as to whether the Claimant
had days at home when he would not speak.

The ALJ also did not allude to the "Function Report" that was submitted by Claimant's
mother and dated January 10, 2001. In that report, she stated that the Claimant could not use
a zipper by himself; could not button his own clothes; could not tie his shoelaces; could not take
a bath or shower without help, or brush his own teeth or hair; and did not observe such safety
rules as looking for cars before crossing the street. Record at 132. It would not have been at
all difficult for the ALJ to have inquired into these matters at the hearing, or to have asked the
Claimant to perform tasks such as tying his own shoelaces.

More problematic, however, than what appears in the record is what does not. Although
Claimant was within days of completing fifth grade, the ALJ did not have any evidence at all
from Claimant's current academic year. The ALJ did refer to statements made by Claimant's
third grade teachers, but nothing at all from teachers of his in the fourth or fifth grades.
Conversely, the ALJ did seem to rely on, and find probative, reports completed more than four
years previously. The ALJ also made no reference to how Claimant scored on standardized
tests – which is information that Claimant's attorney now seeks to add to the record. The ALJ
did not, therefore, have occasion to consider whether evaluations of Claimant by regular or
special education instructors – no matter how well-intentioned – might have been shaped by the
understandable desire to see Claimant improve, rather than objective data showing that he
actually was improving. It is abundantly clear that there is not substantial evidence in the record
– hardly any evidence at all – as to Claimant's disability in the twelve months prior to the ALJ's
decision. There was, accordingly, no basis for the ALJ's conclusion that "the claimant has not

been under a 'disability' as defined in the Social Security Act at any time through the date of this decision."

An ALJ has a duty to develop fully and fairly facts relating to an applicant's claim for disability benefits. *Ripley v. Cater*, 67 F.3d 552, 557 (5th Cir. 1995). This obligation would seem especially urgent in cases such as this one in which a claimant's mother does not speak English, was not represented by counsel, and could not attend the hearing before

the ALJ. If the ALJ does not fulfill this obligation, his decision is not substantially justified. *Id.; Kane v. Heckler* 731 F.2d 1216, 1219 (5th Cir. 1984).

V. CONCLUSION

The respective Motions for Summary Judgment filed by the Claimant and the Commissioner are DENIED. The case is REMANDED for further proceedings not inconsistent with this Memorandum and Order.

IT IS SO ORDERED.

**SIGNED** at Houston, Texas on the 20th day of March 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

-6-