UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| D. NGUYEN (A MINOR CHILD) § <br> C/O ROSALYN NGUYEN § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> MICHAEL J. ASTRUE, § <br> COMMISSIONER OF THE SOCIAL § <br> SECURITY ADMINISTRATION § <br>     Defendant. § | CIVIL ACTION NO. 04-CV-02493 |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Attorney Fees (Doc. No. 28), and Defendant's Response thereto (Doc. No. 29). Plaintiff requests the award of attorney's fees pursuant to two statutory provisions. First, under 42 U.S.C. § 406(b), he requests fees in the in the amount of 25% of the past due benefits. Second, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), he requests fees in the amount of $4,004.40, which represents 24.25 hours billed at an hourly rate of $162.50, plus $58.70 in photocopying expenses and $5.00 in parking expenses. (Mot. for Att'y Fees, at 3.)[1]

As to the matter of an award of fees under § 406(b), Defendant objects to Plaintiff's motion as untimely, properly noting that Federal Rules of Civil Procedure Rule 54(b)'s fourteen-day deadline to request attorney's fees applies to motions for fees made under § 406(b). *Pierce v. Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006). In Defendant's view, the fourteen-day period began when the Court entered its final

---

[1] There is no dispute in this case as to whether Plaintiff was a "prevailing party" in the relevant phase of the litigation, or whether the position of the United States was "substantially justified," 28 U.S.C. § 2412(d). (Def.'s Resp., at 1-2.) Nor is there any dispute that Plaintiff is entitled to a cost of living increase in the specified EAJA hourly rate for attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A). Based on the parties' representations, and after reviewing all evidence submitted in this case, the Court agrees with the parties and finds both that the statutory prerequisites have been met, and that the cost of living increase to $162.50 per hour is reasonable and appropriate.

judgment on appeal. In contrast, other courts have taken a different view in cases where the district court remands a social security appeal for further proceedings, finding in such instances that the fourteen-day period commences on the date the Social Security Administration issues its notice of decision. *See Garland v. Astrue*, 492 F.Supp.2d 216, 200 (E.D.N.Y. 2007) (collecting cases). By referring to the Social Security Administration's decision on remand, Plaintiff's Motion appears to advocate the latter view. The Court acknowledges that there is some ambiguity about how Rule 54(d) applies in the context of the remand of a social security case, but the Court need not—and does not—resolve the matter today. Even under the most generous interpretation of the law, Plaintiff's Motion is well outside the applicable fourteen-day deadline: the Social Security Administration issued its notice of decision on November 29, 2007, and Plaintiff's Motion was filed on January 2, 2008, more than thirty days later.[2]

As for Plaintiff's request for fees under the EAJA, Defendant objects not to the timeliness of the application but to the amount of fees requested, arguing that some of the attorney services time and associated costs should be denied as purely clerical in nature and/or unnecessary. The award of attorney's fees is a matter of the Court's discretion, *Pierce v. Underwood*, 487 U.S. 552, 571 (1988), but the Court is also mindful that, "[b]ecause [the] EAJA is a partial waiver of sovereign immunity, [the EAJA] must be strictly construed in the government's favor," *Texas Food Industry Ass'n v. U.S. Dept. of Agriculture*, 81 F.3d 578, 580 (5th Cir. 1996), (citing *Ardestani v. INS*, 502 U.S. 129, 137

---

[2] In addition, even if the Motion had been timely, the Court would have denied fees under § 406(b). That section provides for the award of "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits," but does not mandate such an award. In this case, the Court finds that the fees today awarded under the EAJA, *infra*, which already reflect a thirty percent increase over the statutory rate to reflect the increased cost of living, are reasonable for the modest amount of work required to prosecute this appeal.

(1991) and *Perales v. Casillas,* 950 F.2d 1066, 1072 (5th Cir.1992))). The Court also notes that "the fee applicant . . . has the burden of demonstrating the reasonableness of the number of hours expended on the prevailing claim." *Sanders v. Barnhart*, No. 04-10600 2005 WL 2285403 (5th Cir. Sept. 19, 2005) (slip op.) (citing *Von Clark v. Butler,* 916 F.2d 255, 259 (5th Cir. 1990)).

Defendant's objections can be combined into four categories. First, Defendant objects to 0.75 hours spent requesting records from schools and doctors being compensated at the full attorney's rate. Second, Defendant objects to Plaintiff being compensated for the 2.0 hours his attorney spent filing evidence at the courthouse, and to the reimbursement of a $5.00 parking expense incurred there. As to these two categories of contested fees, the Court agrees that they are purely clerical in nature, and therefore may not be compensated as attorney time. "The amount of fees awarded under [the EAJA] shall be based upon prevailing market rates for the kind and quality of the services furnished. . . ." 28 U.S.C. § 2412(d)(2)(A). Purely clerical tasks should therefore not be billed at an attorney's rate, regardless of who performs them. *See Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989) (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)). Moreover, because Plaintiff has made no attempt to establish the prevailing market rate for these tasks, the Court cannot conclude that Plaintiff has carried his burden in requesting fees for these hours, and therefore will reduce Plaintiff's requested fees award by a total of 2.75 hours.

Third, Defendant objects to 1.5 hours spent receiving, sorting, and copying records. In contrast to the simple request of records or the clerical task of filing documents, practical experience suggests that process of receiving, sorting, and copying

returned records, when conducted by an attorney, will usually involve a simultaneous review of the content of those records. The Court will not micromanage an attorney's billing practices so thoroughly as require that he edit his line-item time entries to distinguish receiving and sorting from reviewing.

Fourth, Defendant objects to 1.75 hours spent communicating with Plaintiff, including time Plaintiff's attorney spent making phone calls to remind Plaintiff of meetings, and time spent preparing and mailing updates to Plaintiff on the status of the case. Again, the Court is not persuaded that communications between an attorney and his client are so purely clerical as to be ineligible for attorney-time compensation. This is particularly so when the attorney is discussing the status of the case, as when Plaintiff's counsel prepared and mailed letters updating Plaintiff on the progress of his case, but even conversations that are described on time sheets as reminders can include aspects of attorney counseling and client management that are properly recognized as attorney time.

For these reasons, Plaintiff's Motion for Attorney Fees (Doc. No. 28) is **GRANTED IN PART**, and Defendant is **ORDERED** to pay Plaintiff's attorney, John D. Sullivan, attorney's fees under the EAJA in the amount of $3,493.75, plus copying costs of $58.70, for a total of $3,552.45. Plaintiff's Motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 14th day of April, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.